# Exhibit B



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 18, 2019

By Email

John Arlia, Esq.
Wenger & Arlia, LLC
20 Vesey Street, Ste. 210
New York, NY 10007-4243
john.arlia@yahoo.com

    Re:    *United States v. Joseph Guagliardo,*
           20 Cr. ___ (DLC)

Dear Mr. Arlia:

      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Joseph Guagliardo a/k/a "Joseph Gagliardo" ("the defendant") to Count One of the above-referenced Information. Count One charges the defendant with embezzlement from Municipal Credit Union (the "Credit Union"), in violation of Title 18, United States Code, Sections 657 and 2, and carries a maximum term of imprisonment of 30 years; a maximum term of supervised release of 3 years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $1,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution as specified below.

      In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for:

(i)    embezzling and willfully misapplying money from the Credit Union by arranging for payments to (a) a purported security company that he controlled ("Security Company-1"), (b) a non-profit organization that he controlled ("Organization-1"), and (c) cover other expenditures for the defendant's benefit, between at least in or about 2009 and at least in or about May 2018, in violation of the defendant's fiduciary duty to the Credit Union, as described in paragraphs 19 through 43 of Complaint 19 Mag. 9340 (the "Complaint");

(ii)    agreeing with one or more others to engage in the conduct described in paragraph (i) above, as charged in Count One of the Complaint and described in paragraphs 19 through 43 of the Complaint;

    (iii)    defrauding the Credit Union, and agreeing with one or more others to defraud the Credit Union, in connection with payments the Credit Union made to Security Company-1 and Organization-1, among other expenditures of Credit Union money for the defendant's benefit, as charged in Counts Three and Four of the Complaint and described in paragraphs 19 through 43 of the Complaint;

    (iv)    distributing and possessing with the intent to distribute hydrocodone and codeine to the former Chief Executive Office of the Credit Union (the "former CEO"), and agreeing with one or more others to distribute and possess with the intent to distribute hydrocodone and codeine to the former CEO, as charged in Counts Five and Six of the Complaint and described in paragraphs 44 through 49 of the Complaint;

    (v)    efforts to protect himself, the former CEO and the Credit Union from scrutiny in connection with the federal investigation, the Credit Union's internal investigation, and others, as described in paragraphs 50 through 54 of the Complaint; and

    (vi)    communicating with the individual referred to in the Complaint as Individual-1, including by sending text messages, in advance of Individual-1 being interviewed by the Government regarding Security Company-1, which communications contained information unknown to Individual-1 concerning the formation and operation of Security Company-1, and/or were inaccurate regarding the same, including as described in paragraph 55 of the Complaint.

it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

    It is understood that all of the conduct set forth in subsections (i) through (vi) of the preceding section constitutes either relevant conduct, pursuant to United States Sentencing Guidelines ("U.S.S.G.") Section 1B1.3, or other conduct of the defendant, pursuant to U.S.S.G. § 1B1.4, that the Court may consider at the time of sentencing.

    The defendant hereby admits the forfeiture allegation with respect to Count One of the Information and agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), a sum of money equal to at least $425,514 in United States currency, representing the amount of proceeds traceable to the commission of said offense (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution in an amount ordered by the Court of at least $468,189 in accordance with 18 U.S.C. §§ 3663 and 3663A.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. Offense Level

1. The November 1, 2018 Guidelines Manual applies to this case.

2. Pursuant to U.S.S.G. § 2B1.1(a)(1), because the offense has a statutory maximum term of 20 years imprisonment or more, the base offense level is 7.

3. Pursuant to U.S.S.G. § 2B1.1(b)(1)(G), because the loss or intended loss was more than $250,000 but not more than $550,000, the offense level is increased by 12 levels.

4. Pursuant to U.S.S.G. § 3B1.3, because the defendant abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offense, the base offense level is increased by 2 levels.

5. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 18.

B. Criminal History Category

Based upon the information now available to the Office (including representations by the defense), the defendant has no criminal history points.

In accordance with the above, the defendant's Criminal History Category is I.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 27 to 33 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 18, the applicable fine range is $10,000 to $100,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to

withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 27 to 33 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $100,000 and the Government agrees not to appeal any fine that is greater than or equal to $10,000. The defendant also agrees not to appeal any restitution amount that is less than or equal to $468,189, and the Government agrees not to appeal any restitution amount that is greater than or equal to $468,189. The defendant also agrees not to appeal any forfeiture amount that is less than or equal to $425,514, and the Government agrees not to appeal any forfeiture amount that is greater than or equal to $425,514. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, he recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. For example, under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that he has discussed the possible immigration consequences (including removal or denaturalization) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and

conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including his attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from his guilty plea and conviction.

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Eli J. Mark/ Daniel C. Richenthal
Assistant United States Attorneys
(212) 637-2431/2109
Alona Katz
Special Assistant United States Attorney

APPROVED:

_____
Russell Capone
Chief, Public Corruption Unit

AGREED AND CONSENTED TO:

_____     1/10/20
Joseph Guagliardo                DATE

APPROVED:

_____     1/10/20
John Arlia, Esq.                 DATE
Attorney for Joseph Guagliardo

2019.07.08

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :
                                   :   CONSENT PRELIMINARY ORDER
          - v. -                   :   OF FORFEITURE AS TO
                                   :   SPECIFIC PROPERTY/
JOSEPH GUAGLIARDO,                 :   MONEY JUDGMENT
                                   :
               Defendant.          :   20 Cr. ___ (DLC)
                                   :
- - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about January 10, 2020, JOSEPH GUARGLIARDO, a/k/a "Joseph Gagliardo," (the "defendant"), was charged in a one-count Information, 20 Cr. ___ (DLC) (the "Information"), with embezzlement from Municipal Credit Union, in violation of Title 18, United States Code, Sections 657 and 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), of any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the defendant personally obtained;

WHEREAS, on or about January 10, 2020, the defendant pled guilty to Count One, pursuant to a plea agreement with the

Government, wherein the defendant admitted the forfeiture allegation with respect to Count One and agreed to forfeit, pursuant to Title 18, United States Code, Section 982(a)(2), a sum of money equal to $425,514 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information; and

WHEREAS, on or about October 28, 2019, the Government seized $75,653.92 in United States currency, held in Signature Bank account 1503059165 in the name 1ST1IN, INC. (the "Specific Property");

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $425,514 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained;

WHEREAS, the defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offense charged in Count One of the Information;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Information that the defendant

personally obtained cannot be located upon the exercise of due diligence or have been transferred, or sold to, or deposited with a third party, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys, Eli J. Mark and Daniel C. Richenthal, of counsel, and the defendant, and his counsel, John Arlia, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, a money judgment in the amount of $425,514 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained, shall be entered against the defendant.

2. As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, JOSEPH GUAGLIARDO, a/k/a "Joseph Gagliardo," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture

Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5

8.   The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.   Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be

executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____     1/10/20
ELI J. MARK/DANIEL C. RICHENTHAL        DATE
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212)637-2431/2109

JOSEPH GUAGLIARDO

By: _____     1/10/20
JOSEPH GUAGLIARDO                       DATE

By: _____     1/10/20
JOHN ARLIA, ESQ.                        DATE
Attorney for Defendant
Wenger & Arlia, LLC
20 Vesey Street, Ste. 210
New York, NY 10007

SO ORDERED:

_____          _____
HONORABLE DENISE L. COTE                DATE
UNITED STATES DISTRICT JUDGE

8